# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
# COURT FILE NO.: CV - _____

| | |
|---|---|
| LEO S. KENNEDY,<br>Plaintiff<br><br>v.<br><br>CAVALRY PORTFOLIO SERVICES, LLC and GORDON & WEINBERG, P.C.,<br>Defendants | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found there is abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress drafted the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.

(hereinafter "FDCPA"), with the goal to eliminate abusive collection practices utilized by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 et. seq. (FCEUA), and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, et. seq., as well as other state law tort claims.

4. Because Defendants do business within the State of Pennsylvania, personal jurisdiction is established.

5. Venue is proper in this District because the acts and transactions occurred here, and Defendants transact business here in Pennsylvania.

## **PARTIES**

6. Plaintiff, Leo S. Kennedy, is a natural person who resides in the City of White Haven, County of Luzerne, State of Pennsylvania, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant, Cavalry Portfolio Services, LLC (hereinafter referred to as "Cavalry" or "Defendant") is a Limited Liability Company operating from an address of 7 Skyline Drive, 2nd Floor, Hawthorne, New York 10532.

8. Defendant, Cavalry is a debt collector as that term is defined by 15 U.S.C. § 1692a(6) that acquires delinquent consumer accounts from other debt collectors or creditors hoping to realize a profit through the collection of the alleged unpaid balances.

9. Defendant, Gordon & Weinberg, P.C., (hereinafter referred to as "GW" or "Defendant") is a professional corporation, with its headquarters located at 1001 East Hector Street, Suite 220, Conshohocken, PA 19428.

10. At all times relevant to this Complaint, Defendant GW transacted business in the Middle District of Pennsylvania and at other locations throughout the United States, operating as a collection agency and as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## **FACTUAL ALLEGATIONS**

11. Plaintiff, Kennedy allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a credit card debt.

12. Due to circumstances beyond his control, Plaintiff allegedly became delinquent on said obligation and unable to make his monthly payments.

13. Plaintiff's account was subsequently assigned, sold or otherwise transferred to Defendant Cavalry for collection.

14. In an attempt to collect the alleged debt, Defendant GW filed a civil action on behalf of its client, Cavalry, in the Court of Common Pleas of Luzerne County on February 23, 2009, docketed as case number 3380-2009. A true and correct copy of the complaint is attached hereto and incorporated herein as Exhibit "A."

15. Within the complaint, Defendants averred Plaintiff incurred a credit card obligation that Cavalry, a debt buyer, subsequently purchased.

16. Defendants alleged in their complaint that a balance due existed on Plaintiff's account in the amount of $16,703.96, as of February 18,

2009. Within its prayer for relief, Defendants requested the sum of $16,703.96 plus costs, interest and attorneys' fees.

17. Under Pennsylvania law, a party seeking to collect on an alleged debt is required to include an itemization of the sums claimed and, where the claim is based upon a writing, a copy of the writing or pertinent portions thereof. If the required copies are not available, the plaintiff must so state, provide the reasons therefore and set forth the substance of the writing.

18. A complaint filed in the state courts of Pennsylvania must contain sufficient documentation and allegations to permit a defendant to calculate the total amount of damages that are allegedly due by reading the documents attached to the complaint and the allegations within the complaint. *Atlantic Credit and Finance, Inc. v. Giuliana*, 829 A.2d 340, 344-45 (Pa. Super. 2003).

19. Defendants failed to attach to their complaint a cardholder agreement or any other documentation that would support an award of interest and/or attorneys' fees.

20. Defendants failed to attach any supporting documentation to their Complaint other than a generic statement and an affidavit signed by an agent/employee of Cavalry.

21. The affidavit attached to Defendants' Complaint dated February 17, 2009, stated that a balance of $15,944.98 remained on the subject account; $758.98 less than amount listed as due within the Complaint Defendants filed one day later on February 18, 2009.

22. The Defendants' Complaint offered no explanation why the amount requested in the complaint was $758.98 more than the balance due sworn to in the attached affidavit.

23. The least sophisticated consumer would be confused and misled as to the true amount that was owed on the account.

24. Upon information and belief the Defendants attempted to collect an amount that was not owed or permitted by law.

25. Defendants further attempted to confuse and mislead the Plaintiff by stating within their complaint that the last payment on the account was made on March 2, 2009. Defendants filed their complaint on February 23, 2009.

26. Defendants' statement that the last payment on the account was made on March 2, 2009 was false, deceptive and misleading.

27. Plaintiff subsequently obtained counsel that appeared on his behalf at an arbitration hearing on March 29, 2011.

28. At the conclusion of the arbitration hearing, an award was entered in favor of the Kennedy and against Cavalry.

29. The Defendants, through it civil action against filed against Plaintiff, attempted to collect an amount that was not due, and that was not authorized by the agreement creating the alleged debt or permitted by law. Defendants' civil action also sought to recover attorneys' fees when, in fact, no agreement authorized such fees, and the law does not permit recovery of such fees unless provided for in an agreement or by statute.

30. The Defendants filing of collection lawsuit without possessing the evidence necessary to prove the existence of a debt is in violation of the FDCPA and the FCEUA.

31. Defendants' commencement of a frivolous civil suit against Plaintiff was an attempt to coerce payment and/or unjustly obtain a judgment against Plaintiff for a balance neither due nor owing to the Defendants. Such acts of the Defendants are in violation of multiple and numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692(d), 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f and 1692f(1).

32. The Defendants knew or should have known that their actions violated the FDCPA and FCUEA. Additionally, Defendants could have taken steps necessary to bring their actions in compliance with the FDCPA and FCEUA but neglected to do so and failed to adequately review their actions to insure compliance with said law.

33. Plaintiff suffered an ascertainable loss of money as a result of Defendants' frivolous filing and deceptive actions. Plaintiff incurred expenses to hire counsel to represent him in defending against Defendants' claim.

34. As a direct and proximate result of Defendants' illegal collection tactics and harassing behavior, Plaintiff has sustained actual damages in the form of extreme stress, fear, humiliation, and embarrassment.

## TRIAL BY JURY

35. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §1692 et seq.

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to each of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

38. As a result of each of Defendants' violations of the FDCPA, Plaintiff has suffered out-of-pocket expenses and actual damages, and are therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant.

## COUNT II.

## VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT (FCEUA)

## 73 P.S. § 2270.1 et. seq.

## AND THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (UTPCPL)

## 73 P.S. § 201-1 et. seq.

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. Defendants are "debt collectors" as defined by 73 P.S. § 2270.3 of the FCUEA.

41. Plaintiff is a "consumer" as defined by 73 P.S. § 2270.3 of the FCUEA.

42. All of the above contacts by Defendants were "communications" relating to a debt as defined by 73 P.S. § 2270.3 of the FCUEA.

43. The foregoing acts and omissions of these Defendants constitute numerous and multiple violations of the FCEUA and UTPCPL, including but not limited to 73 P.S. § 2270.4(a), as evidenced by the following conduct:

    (a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

    (b) The false representation of the character, amount or legal status of any debt;

    (c) The threat to take any action that cannot legally be taken or that is not intended to be taken;

    (d) The use of false, deceptive or misleading representations or means in the connection with the collection of any debt;

    (e) Attempting to collect any amount not authorized by the agreement creating the debt or permitted by law;

    (f) The use of unfair or unconscionable means to collect or attempt to collect an alleged debt.

44. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law with the purpose of coercing Plaintiff to pay the debt.

45. As a result of the of the above violations of the FCUEA and UTPCPL, Plaintiff has suffered ascertainable losses entitling him to an award of statutory, actual and treble damages and attorney's fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant for:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §1692 et seq.

- For an order declaring that the Defendants' actions as described above are in violation of the FDCPA;

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant.

## COUNT II.

## VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT (FCEUA)

## 73 P.S. § 2270.1 et. seq.

## AND THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (UTPCPL)

## 73 P.S. § 201-1 et. seq.

- For an order declaring that the Defendants' actions as described above are in violation of the FCEUA and the UTPCPL;

- for an order be entered enjoining the Defendants from continuing to communicate with Plaintiff in violation of the FCEUA and the UTPCPL;

- for an award of actual damages pursuant to 73 P.S.§ 201-9.2(a) against each and every Defendant;

- for an award of statutory damages pursuant to 73 P.S.§ 201-9.2(a) against each and every Defendant;

- for an award of treble damages pursuant 73 P.S.§ 201-9.2(a) against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 73 P.S.§ 201-9.2(a).

                                              Respectfully submitted,

Dated: April 20, 2011              **RAPA LAW OFFICE, P.C.**


By: ___s/ Jason M. Rapa_____
Jason M. Rapa, Esquire
PA Attorney I.D. No. 89419
Matthew J. Rapa, Esquire
PA Attorney I.D. No. 208946
141 S. 1st Street
Lehighton, PA 18235
Telephone (610) 377-7730
jrapa@rapalegal.com
mrapa@rapalegal.com
Attorneys for Defendant

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

I, Leo S. Kennedy, depose and say as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. I have provided my attorneys with true and correct copies of each and every exhibit, which has been attached to this Complaint.
7. I have not altered, changed, modified, or fabricated the attached exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Date: 4/21/2011

Leo S. Kennedy